LUIS M. GRANA ET AL., Plaintiffs and Appellants, *v.* LUIS FERNANDO COLL, Defendant and Appellee.

No. 9178. Argued December 26, 1945.—Decided April 5, 1946.

*Heriberto Torres Solá* and *Rafael B. Pérez Mercado* for appellants. *Cayetano Coll Cuchí, Cayetano Coll Pujols,* and *Víctor A. Coll* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

It is alleged in the complaint in this case that Luis M. Grana and Esteban Vargas, appellants herein, purchased two parcels of land of six and ten acres (*cuerdas*), respectively, segregated from a property of 20 acres belonging to Alberto S. Dunlop located in the ward of Sabana Llana, in Río Piedras, and that the purchase was made through the defendant, Luis Fernando Coll, who was the legal representative of Mr. Dunlop to make the deal; that one of the parcels was valued at $8,000 and the other at $9,000 and that the payment was made in cash, legal currency, at the request of the defendant, who made the plaintiffs believe that since Mr. Dunlop was

a foreigner, he would have some difficulty in cashing the checks which had been made in his favor by the plaintiffs; that the defendant remarked to the plaintiffs that in order to economize in the cost of making the deeds, and attorney's and recordation fees, he proposed to made it appear in the deeds that the selling price of each parcel was $6,000; that on the same day that the plaintiffs delivered to the defendant the $8,000 and $9,000 they appeared before Attorney Gabriel de la Haba for the execution of the corresponding deeds and that the defendant brought the $17,000 which constituted, according to him, the price of both parcels of land; that defendant instead of delivering the $17,000 to Mr. Dunlop, only gave him $6,000 for each parcel purchased by the plaintiffs, delivering the other $5,000 as payment for the lot of four acres that remained in the segregation of the property which the defendant, by another deed of that same day, bought for himself. Plaintiffs allege that the transaction as to the four acres constitutes a constructive trust and prayed that defendant be ordered to execute and convey to them title to said four acres of land.

Together with his answer defendant filed a motion to dismiss the complaint on the ground that the facts alleged were not sufficient to constitute a cause of action in favor of the plaintiffs.

The District Court of San Juan granted said motion and allowed plaintiffs ten days to amend the complaint. The latter alleged they were unable to amend it and prayed for judgment against which they have taken the present appeal. They maintain that the lower court erred in dismissing the complaint and in deciding that it does not appear from the facts set forth therein that plaintiffs have a cause of action against defendant.

The error assigned was not committed. If, as alleged in the complaint, the agreement made by the plaintiffs with the defendant was for the purchase, not of the whole property, but of two parcels to be segregated, as they were, for the

amount of $17,000, and if plaintiffs further allege that they consented to state in the deed that the selling price of each parcel was $6,000 and they purchased both parcels; and, lastly, if the allegations of the complaint do not disclose that the defendant was plaintiffs' agent or that there existed any fiduciary relation whatsoever between them, the court did not err in deciding that the existence of a constructive trust does not emerge from said allegations. Plaintiffs obtained for their money what the defendant had offered them in the name of the owner. If the fact that defendant purchased for himself the third parcel of land with part of the money paid by the plaintiffs is regarded as having defrauded some person, that person was Mr. Dunlop, the owner, unless he should have authorized the defendant to make the deal as he did. Otherwise, pursuant to § 1611 of the Civil Code defendant would be liable, not to the plaintiffs, but to Mr. Dunlop, inasmuch as said Section provides that the agent is bound "to pay to the principal all that he may have received by virtue of the agency," even though what has been received is not owed to the principal.

The judgment appealed from must be affirmed.